IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DAMARIS RAWLINS,

             Petitioner,

    vs.                            Case No. 11-3034-SAC


STATE OF KANSAS, and
DEREK SCHMIDT, ATTORNEY GENERAL
STATE OF KANSAS,

             Respondents.


**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for a writ of audita querela, or in the alternative a writ of coram vobis, pursuant to the All Writs Act. 28 U.S.C. § 1651 (2012). Petitioner presents the following claims: 1) she was convicted of battery on a law enforcement officer based upon insufficient evidence; 2) she was denied due process by the state court's failure to instruct the jury on self-defense; 3) she was denied her right to effective assistance of counsel; and 4) she was denied due process when state courts denied her request for a new evidentiary hearing. Doc. 1, 3, p. 34-69.

**Procedural History**

Petitioner was convicted by a jury of one count of battery on a law enforcement officer in violation of K.S.A. § 21-3413. She was sentenced to

12 months imprisonment, and was granted 36 months probation in lieu of imprisonment. On direct appeal, petitioner's conviction was affirmed by the Kansas Court of Appeals, and the Kansas Supreme Court denied review. Petitioner then sought post-conviction relief under K.S.A. § 60-1507 for ineffective assistance of trial counsel. The trial court initially dismissed Ms. Rawlins' petition for lack of jurisdiction. On appeal, the Kansas Court of Appeals overturned the trial court's finding and remanded the petition for a decision on the merits. The state court again denied post-conviction relief, this time on the merits, and the Kansas Court of Appeals affirmed the decision. The Kansas Supreme Court again denied review. After having exhausted all available state court remedies as to each of the claims raised in this petition, petitioner has timely filed this petition for audita querela relief or, in the alternative, a writ of coram vobis. *See* Doc. 16, p. 3; Doc. 1, 3, p. 16.

**Jurisdiction**

Petitioner filed two extraordinary writs under the All Writs Act: a writ of audita querela and, in the alternative, a writ of coram vobis. This court first considers whether the district court has the necessary jurisdiction to review petitioner's writs of error pursuant to the All Writs Act. The All Writs Act does not extend a federal court's jurisdiction and is only meant to assist a court in exercising its own jurisdiction. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). The All Writs Act provides a manner in

which to address those cases where "the absence of any avenue of collateral attack would raise serious constitutional questions." *Thornbrugh v. United States*, 2011 WL 2066564, at *2 (10th Cir. 2011).

For a petitioner to be eligible for relief under this act, she must prove the following: 1) that she was diligent in bringing her claim; 2) "that other remedies are unavailable or inadequate"; and 3) that the state decision results "in a complete miscarriage of justice." *See U.S. v. Thody*, 2012 WL 375528, at *2 (10th Cir. 2012) (citing to *United States v. Morgan*, 346 U .S. 502, 511–12 (1954); *Embrey v. United States*, 240 F. App'x. 791, 793–94 (10th Cir. 2007)).

### Writ of Audita Querela

The particular writ of audita querela existed at common law in order to provide relief in those circumstances where "execution had been issued or was about to be issued upon a judgment, which it would be contrary to justice to allow to be enforced, because of matters arising subsequent to the rendition thereof." *Oliver v. City of Shattuck ex rel. Versluis*, 157 F.2d 150, 153 (10th Cir. 1946). There is some question as to whether this particular writ still exists.

> "Writs of audita querela and coram nobis "are similar, but not identical." *United States v. Reyes*, 945 F.2d 862, 863 n. 1 (5th Cir.1991). Usually, a writ of coram nobis is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." *Id.* By contrast, a writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *Id.* Rule 60(b) of the Federal Rules of Civil

> Procedure formally abolished both writs. *United States v. Beggerly*, 524 U.S. 38, 45, 118 S. Ct. 1862, 141 L.Ed.2d 32 (1998); Fed. R. Civ. P. 60(b) (both stating that writs of coram nobis and audita querela were abolished by Rule 60(b)). However, the Supreme Court held in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), that the writ of coram nobis could still be pursued in the criminal contexts under the All Writs Act."

*United States v. Torres*, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002).

For the purposes of this opinion, the court will assume, without deciding, that the writ of audita querela exists. *See United States v. Thody*, 2012 WL 375528 (10th Cir. 2012) (denying petition based on other grounds); *Torres*, 282 F.3d at 1245 n. 6 (holding on the merits of the petition without deciding whether audita querela was preserved under Rule 60(b)); *United States v. Reyes*, 945 F.2d 862, 866 (1991) (same).

**Writ of Coram Vobis**

As for the alternative writ of coram vobis, it is well established that the distinction between a writ of coram vobis and a writ of coram nobis is "virtually meaningless." *United States v. Thomas*, 49 F. App'x. 781, 783 (10th Cir. 2002). Courts have generally treated both writs as interchangeable and have applied the same procedural requirements to both writs of error. *See, e.g., In re Jordan*, 157 F. App'x. 597, 598 (4th Cir. 2005) (citing to *United States v. Sawyer*, 239 F.3d 31, 37 n. 4 (1st Cir. 2001)).

The writ of coram vobis has been recognized as a medium for federal attack of a conviction only after a prisoner is released from federal custody. *See Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962) (stating that

4

coram nobis "is sometimes broadly recognized as available in matters strictly confined within the federal judicial system. . . But [it] . . . cannot be used as a substitute for habeas corpus or as a collateral writ of error *between state and federal jurisdictions*.") (emphasis added). The petitioner in this case was convicted under a state criminal statute and was placed in state custody, so it is unlikely that this particular writ is properly before this court.

Nevertheless, this court will still exercise jurisdiction in this case under the assumption that petitioner's writ of audita querela is properly before this court.

### AEDPA Standard

"Collateral attacks upon criminal convictions, no matter how they are characterized by a litigant," are "properly governed by the same considerations which underlie habeas corpus." *Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986). Accordingly, the Court applies the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which creates the current standard of review for writs of habeas corpus. *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).

Under AEDPA, a federal court "is bound by the state court's interpretation of its own law" and otherwise treats state decisions with great deference. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Cash v. Maxwell*, 132 S.Ct. 611, 611 (2012) (stating AEDPA "requires that federal habeas courts extend deference to the factual findings of state courts"). A

federal court may grant relief only if it establishes that the state decision "(1) . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Greene v. Fisher*, 132 S.Ct. 38, 43 (2011) (citing to 28 U.S.C. § 2254(d)).

**Factual Background**

This court presumes that all factual findings of the state court are correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004), *cert denied*, 545 U.S. 1145 (2005). No evidence countering the state court findings of fact has been shown; therefore, this court adopts the findings of fact as provided by the Kansas Court of Appeals opinion:

> On January 23, 2000, Rawlins was arrested on suspicion of driving under the influence of alcohol. Rawlins was transported to the Johnson County jail and placed in a safety cell for the night. The next morning Deputy Thomas Erickson took her to the nurse's desk where she refused to answer questions. Rawlins followed Deputy Erickson to his desk where she refused to answer additional questions. Deputy Erickson told Rawlins she had to go to the booking lounge. Rawlins did not respond to the directions. Deputy Buckendahl told Rawlins: "You get up, I'm going to give you a count of three to get out of this chair and go to the booking lounge or we're going to have to physically move you." Rawlins still refused to cooperate.
>
> As the deputies picked Rawlins up, she let her legs go limp and dropped to the floor. Despite orders to stand up, Rawlins remained on the floor. The deputies carried her back to the safety cell with Deputy Erickson holding Rawlins' arms and Deputy Buckendahl holding her legs. Deputy Erickson entered the cell first and laid Rawlins' midsection down while maintaining

control of her arms until her back was on the floor. As Deputy Buckendahl let go of Rawlins' legs, she kicked him at least twice on his shin. Both deputies denied striking Rawlins' head. Deputy Buckendahl recalled Rawlins complaining about a bloody lip, but surmised Rawlins must have received it as result of struggling with the deputies as they tried to subdue her. Sergeant Joel Noelker, the deputies' supervisor, recalled seeing "a little trickle of blood" on Rawlins' lip after the struggle to restrain her in the safety cell.

Rawlins testified that four deputies dragged her on the ground back to the safely cell. She further claimed the deputies slammed her head into the wall, giving her a bloody lip. Rawlins testified that after the deputies slammed her into the wall. Rawlins denied struggling with the deputies and claimed that if she kicked one of them, it was an involuntary response to the deputies slamming her into the wall. A jury convicted Rawlins of battery on a law enforcement officer. . .

On June 2, 2004, Rawlins filed a K.S.A. 60–1507 motion alleging ineffective assistance of trial counsel. However, because Rawlins had already completed her term of probation, the district court dismissed Rawlins' 60–1507 motion. On appeal, a panel of this court remanded the case for an evidentiary hearing on Rawlins' claims of ineffective assistance of counsel.

On remand, the district court was to determine whether Rawlins' trial counsel was ineffective for failing to: (1) interview the nurse who had treated Rawlins in jail; (2) obtain the nurse's report of the incident; (3) obtain a copy of the videotaped recording of the incident; and (4) admit the photographs of Rawlins' injuries that were taken shortly after the incident. The district court held an evidentiary hearing on these issues on July 31, 2009. The district court heard testimony from Rawlins, her trial counsel, Charles Lamb, and several other witnesses.

On September 25, 2009, the district court found that Lamb's performance was adequate and fell within the range of competent representation. The district court determined it insignificant that Lamb did not subpoena the nurse because it was undisputed at trial that Rawlins' lip was bleeding. Regarding the issue of the photographs, the district court found Lamb's testimony to be more credible than Rawlins'. A journal entry summarizing the district court's findings was filed on December 18, 2009.

Prior to the filing of the journal entry, Rawlins filed a motion for reconsideration and rehearing asking the district court to reweigh its decision. Rawlins cited as support an affidavit from

one of Rawlins' prior attorneys, Christopher Angles. In the affidavit, Angles claimed that when he interviewed Lamb on May 27, 2004, Lamb admitted that he had "dropped the ball" by failing to look for a booking room videotape, a nurse's report, or an inmate report. The affidavit further alleged Lamb recalled seeing pictures of Rawlin's bloody lip, but no longer had them in his possession. The district court denied Rawlins' motion to reconsider. Rawlins appeals.

*Rawlins v. State*, 240 P.3d 986, 2010 WL 4393963, Case No. 103,389,

Slip Op 1-3 (Kan. App. 2010) (*Rawlins II*).

### Insufficient Evidence

Ms. Rawlins first contends that her conviction for battery on a law enforcement officer was based on insufficient evidence. The standard of review for this claim requires the Court to give great deference to the prosecution as well as to the jury's findings of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). If, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," then there was sufficient evidence to convict. *Id.* As this court is even further removed in its consideration of the state proceedings, this court is able to review the jury's decision only "to the extent necessary to guarantee . . . due process of law." *Id.* It is not the role of this court to argue with the jury's weighing of evidence or determination of a witness' credibility. *Jackson*, 443 U.S. at 319; *Matthews v. Workman*, 577 F.3d 1175, 1184 (10th Cir. 2009).

Petitioner was convicted under K.S.A. 2002 Supp. § 21-3413(a)(1) of battery on a law enforcement officer. *State v. Rawlins*, 66 P.3d 261, Case

No. 87,490, Slip Op. at 5 (Kan. App. 2003) (*Rawlins I*). The statute provides that a battery is committed if a person has "intentionally caus[ed] physical contact with another person when done in a rude, insulting or angry manner." K.S.A. 2002 Supp. § 21-3412(a)(2). Petitioner argues that there was insufficient evidence to find that she had behaved in an "intentional" manner, or that she had behaved in a manner which was "rude, insulting or angry." *See* Doc. 1, 3, p. 34-35.

The record shows that the jury decided the custodial officers' testimonies were more credible than Ms. Rawlins'. *Rawlins I* at 6. The officers' testimony supports a finding that petitioner was uncooperative throughout questioning and during the officers' attempt to move petitioner to a safety cell. *Id.* The officers' testimony also supports a finding that petitioner had cocked her leg prior to striking Deputy Buckendahl on the shin. *Id.* These findings of fact give credence to the jury's final decision that petitioner behaved in a rude, insulting or angry manner. *Id.* Therefore, this court holds that a rational trier of fact could have found that all the essential elements of battery on a law enforcement officer were present beyond a reasonable doubt.

**Self-Defense Theory**

Petitioner next contends that the state court deprived her of due process by failing to provide a jury instruction on self-defense. The Court first notes that petitioner failed to follow state procedure as required to

adequately preserve this issue on appeal. *Rawlins I* at 7. However, in *Reed v. Ross*, 468 U.S. 1 (1984), the Supreme Court held that federal relief may still be available in cases where a constitutional claim is otherwise barred by procedural default. *Id.* at 11. If petitioner "can demonstrate cause for the default and actual prejudice," or if petitioner can demonstrate "that failure to consider the claims will result in a fundamental miscarriage of justice," then she may still be eligible for post-conviction relief. *Scott v. McKune*, 2005 WL 2589197, at *14 (D.Kan. 2005); *accord Reed*, 468 U.S. at 11.

"An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). In order to prove prejudice due to a failure to provide jury instruction, petitioner must show that the failure to provide the instruction so deprived petitioner of due process that it caused her trial to be "fundamentally unfair." *Id.*; *see also Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995) (stating lack of a jury instruction must be "fundamentally unfair"), *cert denied*, 514 U.S. 1115 (1995). Due to the wide discretion given to trial courts in constructing jury instructions, "a defendant is not entitled to an instruction" unless there is "a reasonable legal and factual basis" to support such instruction. *United States v. Bryant*, 892 F.2d 1466, 1468 (10th Cir. 1989), *cert. denied*, 496 U.S. 939 (1990)). The task of this court is to review whether "the evidence adduced at trial reasonably supported

petitioner's request for a jury instruction on self-defense." *Tyler v. Nelson*, 978 F. Supp. 1435, 1438 (D.Kan. 1997); *see also Bryant*, 892 F.2d at 1468.

According to Kansas law, a person is justified in using force "when and to the extent *it appears to him* and he *reasonably believes* that such conduct is necessary to defend himself against such aggressor's imminent use of unlawful force." Kan. Stat. Ann. § 21-3211; *Rawlins I* at 7 (emphasis added). The Kansas Supreme Court stated that a trial court must instruct on self-defense "so long as there is any evidence tending to establish self-defense" even if the evidence consists only of "the defendant's own testimony." *State v. Hill*, 744 P.2d 1228, 1236 (Kan. 1987); *see Tyler v. Nelson*, 163 F.3d 1222, 1227 (10th Cir. 1999).

In this case, not even petitioner's own testimony supported an instruction on self-defense. *Rawlins I* at 7-8. Petitioner testified that she did not kick Deputy Buckendahl, and, even if she had kicked the deputy, it was unintentional. *Id.* This admission indicates that petitioner did not have the requisite intent to invoke the Kansas self-defense statute. *Id.* No other facts support a self-defense instruction. There cannot be actual prejudice to petitioner when the facts do not support giving a disputed jury instruction. Furthermore, petitioner has not shown any cause for failure to follow state procedure in order to properly preserve this claim on appeal. Nor has petitioner shown a fundamental miscarriage of justice. Therefore, this court

holds that the state court did not err by failing to provide a jury instruction on self-defense.

**Ineffective Assistance of Counsel**

Petitioner next contends that she was denied effective assistance of counsel due to trial counsel's failure to interview the detention nurse and to offer photos of petitioner's injuries at trial. Doc. 1, 3, p. 49. *Strickland v. Washington*, 466 U.S. 668 (1984) governs this claim.

The two-part test in *Strickland* provides that a counsel's representation was ineffective if: 1) counsel's performance was deficient, and 2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A counsel's representation carries a strong presumption of reasonableness. *Id.* at 689. For counsel's representation to be ruled ineffective, petitioner must show that counsel's representation was "completely unreasonable, not merely wrong." *Id.* When a federal court reviews a habeas petition, the issue "is not whether a federal court believes the state court's determination," but whether "that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing to *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

*i. Nurse's report and testimony*

Regarding the nurse's report and testimony, the Kansas Court of Appeals determined that petitioner's counsel made a strategic decision not

to call the nurse as a witness. *Rawlins II* at 7. Because the nurse was minimally involved in the incident, and was not actually present to witness the events upon which the charge was based, the Court of Appeals held it was not unreasonable of counsel not to use the nurse's report or testimony at trial. *See id.*; *Sallahdin v. Mullin*, 380 F.3d 1242, 1251-52 (10th Cir. 2004) (stating failure to use witness or evidence does not automatically rebut presumption of counsel's reasonableness in representation). Furthermore, the Court of Appeals determined that the nurse would only be able to present testimony concerning the blood on petitioner's lip. *Rawlins II* at 7. Because this fact was already established by both the officers' testimony as well as petitioner's, the Court of Appeals stated that nurse's testimony would have been duplicative and petitioner failed to show counsel's representation was deficient in this regard. *Id.* This court agrees.

### ii. *Photographs of petitioner's injuries*

Regarding the alleged photographs of petitioner's injuries, the Kansas Court of Appeals held that trial counsel cannot be ineffective if counsel failed to use evidence that was never in his possession. *Rawlins II* at 8.

It is not the task of this court to review a jury's determination as to a witness' credibility. *Matthews v. Workman*, 577 F.3d 1175, 1184 (10th Cir. 2009). Petitioner's trial counsel testified that he did not recall ever having seen photographs of petitioner's injuries, and the jury determined that trial counsel was a more credible witness than petitioner. *Rawlins II* at 4. As held

by the Kansas Court of Appeals, this court agrees that trial counsel's representation cannot be deficient for failure to use photographs that were never in his possession.

As pointed out by the state's answer and return, even if the photographs were in counsel's possession, the failure to include them at trial would not have prejudiced the petitioner. Doc. 16, p. 24-25. Petitioner was convicted of battery on a law enforcement officer. Evidence of bruising upon petitioner's person would be relevant only if petitioner was arguing self-defense, but as this court has noted, petitioner actually argued the opposite. The photographs are not pertinent to the determination of whether petitioner intentionally kicked a law enforcement officer. Petitioner has not sufficiently proven counsel's representation was deficient, or that any of counsel's strategies prejudiced the outcome of petitioner's case. *See Strickland*, 466 U.S. at 700. Therefore, this court holds that petitioner was not denied effective assistance of counsel.

### K.S.A. § 60-1507 Evidentiary Hearing

Finally, Petitioner contends that the state court erred by denying her a new evidentiary hearing after post-conviction counsel withdrew. Petitioner desired to present testimony regarding her claim of ineffective assistance of counsel.

K.S.A. § 60-1507(b) states that "an individual seeking post-conviction relief is not entitled to a hearing if the "motion and the files and records of

the case conclusively show that the movant is entitled to no relief." *Scott v. McKune*, 2005 WL 2589197, at *14 (D.Kan. 2005). It is within the discretion of the state court to grant an evidentiary hearing. *Id.* A claim regarding the correct application of this Kansas statute does not rise to the level of a "federal or constitutional right" so as to provide petitioner ground for federal post-conviction relief. *McCarty v. Roberts*, 2005 WL 2367543, at *6 (D.Kan. 2005); *see also Pennsylvania v. Finley*, 481 U.S. 551 (1987) (supporting the proposition that "non-constitutional infirmities in state habeas proceedings do not provide a basis for federal habeas relief").

### Request for Evidentiary Hearing and/or Oral Argument

Finally, petitioner requests the opportunity to present additional evidence and/or to present oral argument to this court. Doc. 1, 3, p. 69. "[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record." *Anderson v. Attorney Gen. of Kansas,* 425 F.3d 853, 859 (10th Cir.2005); *see Schriro v. Landrigan,* 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). After careful review of the record, the court holds that the record is sufficient to determine the issues presented.

### Certificate of Appealability

As now required by Rule 11 of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Such a certificate "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). Because this standard is not met, the court will not issue a certificate of appealability for this order.

IT IS THEREFORE ORDERED that the petition for writ of audita querela pursuant to 28 U.S.C. § 1651 is DENIED.

IT IS FURTHER ORDERED that the petition for writ of coram vobis, in the alternative, is DENIED.

Dated this 17th day of April, 2012 at Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge